**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**C.C.,**

      **Plaintiff,**

                                        **Civil Action 2:22-cv-3799**
                                        **Judge Algenon L. Marbley**
      **v.**                                    **Magistrate Judge Elizabeth P. Deavers**

**WYNDHAM HOTELS & RESORTS,
INC.,** *et al.*,

      **Defendants.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Defendant Milestone Hotels, LLC's ("Milestone")

Motion to Transfer Venue.  (Mot., ECF No. 126.)  For the reasons that follow, Defendant

Milestone's Motion is **DENIED**.

    **I.**        **BACKGROUND**

Plaintiff C.C., a resident of Ohio, alleges that she was trafficked for sex as a minor from

May to August 2015 at several hotels in Texas, owned or controlled by Defendants.  (ECF No.

110, at ¶¶ 2, 19, 50, 59–60, 70–71.)  Defendant Milestone is a Texas limited liability company.

(*Id.* at ¶ 2.)  Plaintiff seeks to hold Defendants liable under the Trafficking Victims Protection

Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595, and the Child Abuse Victims Rights

Act, 18 U.S.C. § 2255.  (*Id.* at ¶¶ 136–49.)  Plaintiff alleges that Defendant Milestone knew that

sex trafficking occurred on its property, facilitated and benefitted from the sex trafficking of

Plaintiff, and it knew or should have known of the sex trafficking of Plaintiff.  (*Id.* at ¶¶ 27–28,

43, 58–69.)

Defendant Milestone moved this Court to transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).  (Mot. at PageID 1312.)  Plaintiff filed a response in opposition.  (ECF No. 134.)  Defendant Milestone filed a reply brief in support of its Motion.  (ECF No. 135.)  This matter is ripe for judicial review.

## II.        STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The threshold issue under § 1404(a) is whether the action could be brought in the transferee court.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  If a case could be brought in the transferee court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)."  *Id.*  In balancing convenience, the Court must consider factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).  Relevant private interest factors to consider include the following: "(1) the plaintiff's choice of forum; (2) where the parties reside; (3) the location of willing and unwilling witnesses; (4) the location of evidence; and (5) the locus of events that gave rise to the dispute." *Olin-Marquez v. Arrow Senior Living Management, LLC*, 586 F. Supp. 3d 759, 776 (S.D. Ohio 2022) (internal citations omitted).  Relevant public interest factors include: "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home; (4) the public's general interest in systemic integrity and fairness; and (5) the court's familiarity with the

governing law." *Id.* at 778 (citing *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34, 2016 WL 1466559, at *1 (W.D. Ky. Apr. 14, 2016)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("As the permissive language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate.") (quotation omitted).

### III.     ANALYSIS

In front of the Court, yet again, is the issue of venue in a TVPRA case. In accordance with its recent opinions denying motions to transfer venue,[1] absent jurisdictional or venue deficiencies, this Court will not exercise its discretionary power to transfer the cases to a different district court pursuant to § 1404. *Doe (S.S.) v. Red Roof Inns, Inc., et al.*, No. 2:24-cv-

---

[1] *See* 2:24-cv-03076; 2:24-cv-03113; 2:24-cv-03919; 2:24-cv-03998; 2:24-cv-04058; 2:24-cv-04061; 2:24-cv-04141; 2:24-cv-00389; 2:24-cv-3991.

1780, 2025 WL 634434 (S.D. Ohio Feb. 27, 2025) (citing *In re Hotel TVPRA Litig.*, No. 2:22-cv-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023)).  While each case presents unique circumstances, this Court has repeatedly explained that the "public interest factors have become demonstrably more important, requiring this Court to consider the impact of transferring these cases as a whole, and not in isolation." *Id.* at *3.

Defendant Milestone argues that the Court should transfer this case to the Southern District of Texas because the Section 1404 venue factors weigh in favor of transfer, as Plaintiff alleges that she was trafficked in Texas, the Southern District of Texas is a more convenient forum, and "action does not have any meaningful connection to the Southern District of Ohio." (Mot. at PageID 1312, 1314–18.)  In addition, Defendant Milestone asserts that this Court should reconsider its previous decisions denying motions to transfer in this case.  (*Id.* at PageID 1318–19.)  Defendant Milestone fails to distinguish the Court's other numerous TVPRA decisions on venue issues.  As a result, Defendant Milestone's Motion requires minimal analysis.  Defendant Milestone fails to persuade the Court that it should reach a different outcome in this case. Nothing in the record of this case indicates that the importance of the public interest factors has diminished.

Defendant Milestone does not assert that this Court lacks personal jurisdiction or that venue in the Southern District of Ohio is improper.  Further, the Court finds that it has personal jurisdiction, and the Southern District of Ohio is a proper forum for the reasons it articulated in *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *10 ("Because this Court has personal jurisdiction over all defendants named in these [] minor cases, pursuant to 18 U.S.C. § 2255, they all are considered residents of the Southern District of Ohio for venue purposes in these actions. 28 U.S.C. § 1391(b)(1). Therefore, venue is also properly laid in this district . . . .").  In the

absence of jurisdictional or venue deficiencies and Defendant Milestone's failure to distinguish this case from the Court's previous TVPRA decisions regarding venue, the Court **DENIES** Defendant Milestone's Motion (ECF No. 126) to Transfer Venue.

## IV.        CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Milestone's Motion (ECF No. 126) to Transfer Venue.

**IT IS SO ORDERED.**

**Date: March 10, 2026**                    **/s/ *Elizabeth A. Preston Deavers***
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**