**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**C.C.,**

**Plaintiff,**

**v.**

**Wyndham Hotels & Resorts, Inc., *et al.*,**

**Defendants.**

**Case No. 2:22-cv-3799**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**OPINION & ORDER AND SHOW CAUSE ORDER**

Before the Court is Defendant Milestone Hotels, LLC's ("Milestone") Motion to Enforce Subpoena. (Doc. 176). The Motion seeks to compel non-party Global Care & Response ("GCR") to comply with a subpoena. (*Id.*).

For the following reasons, the Motion is **GRANTED in part and HELD IN ABEYANCE in part**. The Court **ORDERS** GCR to produce all nonprivileged documents responsive to the subpoena **on or before October 23, 2026**. GCR is further **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Federal Rule of Civil Procedure Rule 45(g) or sanctions pursuant to its inherent powers.

## I. BACKGROUND

Plaintiff C.C., a resident of Ohio, filed this lawsuit in October 2022 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (Doc. 1). Briefly, Plaintiff alleges that she was trafficked for sex at hotels owned and operated by Defendants. (*See generally* Doc. 166 (Third Amended Complaint)). She further asserts that Defendants knew or should have known that sex trafficking occurred on their property, they knew or should have known of the sex trafficking of Plaintiff, and they enabled and benefitted from the sex trafficking of Plaintiff. (*Id.*).

At issue here is Milestone's quest to obtain some of Plaintiff's treatment records from GCR. Several months ago, Plaintiff identified GCR as a medical provider and produced to Milestone an executed authorization permitting the release of her relevant treatment records. (Doc 176 at 2–3). Milestone issued a subpoena to GCR via email on April 23, 2026. (Doc. 176-1). GCR's deadline to respond was May 8, 2026. (*Id.*). But that date passed without any production or objections. (Doc. 176 at 3). Over the next several weeks, Milestone corresponded with GCR via email, attempting to gain compliance. (*Id.*; *see also* Docs. 176-2, 176-3). Then on June 12, staff for Milestone's counsel spoke with GCR's Dr. Kyle Miller on the telephone. He indicated that GCR would not produce the records without a specific HIPAA authorization form. (Doc. 176 at 3). Plaintiff agreed to fill out the form, and Milestone issued a second subpoena on June 26 (the "Subpoena"). (*Id.*; *see also* Doc. 176-5). The subpoena requested "any and all medical records related to [C.C.] from May 1, 2010 through present." (Doc. 176-5 at 1; *see also* Doc. 176-7 (proof of personal service on Kyle Miller)). Production was required by July 24. (Doc. 176-5).

On July 24, GCR—through Dr. Miller—produced a one-page medical summary. (Doc. 176-8). Counsel for Milestone notified Dr. Miller that the summary did not comply with the Subpoena, which commanded production of the medical records themselves. (Doc. 176-9). On August 4, Milestone reached out to Plaintiff, asking for assistance. (Docs. 176-10, 176-11). Plaintiff's counsel spoke to Dr. Miller, but told Milestone that based on that conversation, "it does not appear that [Dr. Miller] intends to produce the records at this time." (Doc. 176-11 at 3). On September 8, Milestone asked Plaintiff if there was any update. (Doc. 176-12). But it does not seem Plaintiff successfully connected with Dr. Miller again. (Doc. 176-13).

As a result, Milestone filed this Motion, which requests a Court order that GCR produce the relevant documents and contempt sanctions against GCR including attorneys' fees and costs. (Doc. 176). The Court expedited briefing on the Motion and set GCR's deadline to respond to

October 5. (Doc. 178). GCR did not respond by that day. Consequently, the Court ordered GCR to show cause by October 13, why the Court should not consider the Motion unopposed. (Doc. 182). The Court also warned GCR that failure to respond to the Order may result in sanctions. (*Id.*). GCR again did not file anything.

At this time, the Court has reason to believe that GCR was properly served with the Subpoena, Milestone's Motion, the Court's order expediting briefing, and the show cause order. (*See* Doc. 176 at 10 (certificate of service); Doc. 176-7 (proof of personal service); Doc. 179 (notice of service); Doc. 183 (notice of service)). The matter is now ripe for review.

## II. STANDARD

Two Federal Rules are relevant here. First, Rule 45 of the Federal Rules of Civil Procedure permits parties in legal proceedings to command non-parties to attend depositions; produce documents, electronically stored information, or tangible items; and permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii). Courts "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). In the case of a subpoena to produce documents, the person responding to the subpoena "must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). Courts have held "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).

For its part, Federal of Civil Procedure Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad

or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III. DISCUSSION

Milestone's Motion seeks an order compelling GCR to comply with the Subpoena. (Doc. 176 at 5–8). It also asks for contempt sanctions under Federal Rules of Civil Procedure 45(g). (*Id.* at 8). To date, GCR has not filed a memorandum in opposition or otherwise responded to Milestone's Motion, so the Court construes the Motion as unopposed. S.D. Ohio Civ. R. 7.2(a)(2). Ultimately, the Court grants Milestone's request to compel compliance and holds the sanctions request in abeyance.

### A. The Subpoena

To begin, the Court briefly considers the baseline relevance of the discovery sought. The Subpoena commands GCR to produce any and all medical records relating to Plaintiff from May 1, 2010 through present. (Doc. 176-5 at 1). These records are obviously relevant to this action where Plaintiff seeks recovery for past and future medical expenses and past and future emotional distress. (Doc. 166 at 26). And the record suggests that more relevant records exist beyond the one-page summary that Milestone has received thus far. Further, because GCR failed to respond or object, the record contains no indication that complying with the subpoena would be an undue burden on GCR.

Additionally, the Court does not note any obvious procedural defects on the face of the Subpoena. The record reflects that the Subpoena was personally served on Dr. Miller on June 30,

2026. (Doc. 176-7). And though GCR is located in Texas, the subpoena permits electronic production with a place of compliance in Columbus, Ohio. (Doc. 176-5). *Cf. Atlas Indus. Contractors LLC v. In2Gro Techs. LLC*, No. 2:19-CV-2705, 2020 WL 1815718, at *2 (S.D. Ohio Apr. 10, 2020) (finding Federal Rule of Civil Procedure 45(c)(2)(A)'s limitation on subpoenas requiring production more than 100 miles from where a party resides or regularly transacts business in person is not a bar to compliance where the subpoenaing party accepts responsive documents electronically.).

Accordingly, the Court **GRANTS** Milestone's request to compel GCR to fully comply with the Subpoena. (Doc. 176). The Court **ORDERS** GCR to produce all nonprivileged documents—including documents subject to the executed authorizations—responsive to the Subpoena **on or before October 23, 2026.** Milestone is **ORDERED** to file a notice on or before October 26, 2026, detailing GCR's compliance.

**B. Sanctions**

Turning now to Milestone's request for sanctions under Federal Rules of Civil Procedure 45(g). Milestone submits that the record demonstrates GCR's willful noncompliance, particularly in light of its shifting reasons for withholding documents. (Doc. 176 at 7). Milestone also says GCR waived any objections to the subpoena by not responding to it. (*Id.* at 7–8 (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 135 (S.D. Ohio 1999) ("The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections.")). Milestone asks that the Court impose contempt sanctions, at minimum awarding it attorneys' fees and costs associated with enforcing the subpoena. (*Id.* at 8).

As noted above, Rule 45(g) states that a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." The Court will consider whether contempt under this Rule or other sanctions under its inherent

sanctioning power are appropriate. *See, e.g.*, *Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 2:21-CV-3925, 2023 WL 2752488, at *1 (S.D. Ohio Apr. 3, 2023) ("Separate from the authority to impose sanctions under the Federal Rules of Civil Procedure, the Court has 'the inherent power to impose sanctions to prevent the abuse of the judicial process.'" (citation omitted)). But it makes the most sense to wait until the Court ascertains GCR's compliance with this Order before answering that question.

Accordingly, the Court **HOLDS IN ABEYANCE** Milestone's request for sanctions. (Doc. 176). Non-party Global Care & Response is **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Rule 45 or sanctions pursuant to its inherent powers.

The Court **ORDERS** Milestone to effect service of this Opinion & Order and Show Cause Order upon GCR and promptly file proof of such service. The Clerk is also **DIRECTED** to serve a copy of this Order on the Non-Party via certified mail at:

Global Care & Response
507 Denali Pass, Suite 301
Cedar Park, TX 78613

## IV. CONCLUSION

For the foregoing reasons, the Motion to Enforce Subpoena (Doc. 176) is **GRANTED in part and HELD IN ABEYANCE in part**. The Court **ORDERS** GCR to produce all nonprivileged documents responsive to the subpoena **on or before October 23, 2026.** GCR is further **ORDERED** to **SHOW CAUSE within fourteen (14) days**, why the Court should not impose contempt sanctions under Federal Rule of Civil Procedure Rule 45(g) or sanctions pursuant to its inherent powers.

IT IS SO ORDERED.

Date: October 15, 2026

*s/Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE